# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONTE MARCHANTE WHITE, )<br>)<br>Defendant. ) | Case No. CR-08-93-R<br>CIV-16-544-R |

## ORDER

On May 23, 2016, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. No. 114). Defendant has heretofore filed a motion pursuant to 28 U.S.C. § 2255, and accordingly, he may not file another such motion without leave of the Tenth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Thus, the question presented is whether the Court should transfer or dismiss the instant motion, which seeks to raise a claim under *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551 (2015).

The Supreme Court recently determined that its decision in *Johnson* announced a substantive rule that applies retroactively on collateral review. *Welch v. United States*, --- U.S.---, 136 S.Ct. 1257 (2016). Prior to that decision, this Court would have dismissed a *Johnson* claim raised in a second or successive petition for want of jurisdiction, without consideration of transfer in light of the Tenth Circuit's conclusion that *Johnson* did not apply retroactively. *In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015). Although *Welch* creates the potential for transferring this action to the Tenth Circuit, the Court declines to exercise its discretion to do so. There is no concern that Mr. White's claim under *Johnson* will be time barred if this Court requires him to start anew at the Circuit. Furthermore, it does not appear to the Court that Defendant was

subjected to the Armed Career Criminal statute, 18 U.S.C. § 924(e) or to any provision of the United States Sentencing Guidelines that arguably tracks the language of the residual clause held unconstitutional by the Court in *Johnson*. Accordingly, Defendant's Section 2255 Motion is hereby DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED this 26th day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE